KISSANE *v.* DETROIT, YPSILANTI & ANN ARBOR RAILWAY.

121   175
e122   680

121   175
125   619

121   175
s79NW1104

1. STREET RAILWAYS — FARES — TOWNSHIP AND VILLAGE FRAN-
   CHISES.
      A street-railway company operating upon a country highway
      under franchises from the several townships through which
      it passes, each permitting it to charge only a certain sum for
      the conveyance of passengers through the township, cannot
      charge a passenger who has paid the fare for a particular
      township an additional fare for riding through a village lying
      wholly within such township, although the franchise from the
      village provides that no person "shall be carried for any
      distance for less than" the additional sum sought to be ex-
      acted.

2. SAME—REDUCED-RATE TICKETS.
      One holding a street-railway ticket good from I. to D. is entitled
      to carriage upon presentation of the ticket, although he has
      paid his fare to I. from a point farther out on the line, from
      which point the regular through fare exceeds the sum of the
      fare paid and the price of the ticket.

Error to Wayne; Donovan, J.   Submitted June 22,
1899.   Decided September 12, 1899.

*Assumpsit* by Thomas Kissane against the Detroit,
Ypsilanti & Ann Arbor Railway to recover excess fare
paid under protest.   From a judgment for plaintiff, defend-
ant brings error.   Affirmed.

*Cutcheon & Stellwagen*, for appellant.

*Jasper C. Gates*, for appellee.

LONG, J.   The defendant owns and operates a line of
street railway between the cities of Ann Arbor and
Detroit.   This line passes through the townships of Can-
ton, Nankin, Dearborn, the village of Wayne, and other
townships and villages not material to this case.   The

agreement or franchise from the township of Canton, so far as is material to the case, is as follows:

"The rate of fare for any distance on the line of said railway within the said township of Canton shall not exceed five cents, but the rate of fare for any distance on the line of said railway outside of said township shall not exceed two cents per mile."

On April 10, 1899, plaintiff boarded one of defendant's cars at a point in the township of Canton, with the intention of going through to Detroit. He did not communicate this intention to defendant's conductor. The through fare from this point to Detroit was 35 cents. Plaintiff offered defendant's conductor 10 cents, as a fare to Inkster, which is an unincorporated village on the line between the townships of Nankin and Dearborn. To reach Inkster from where plaintiff boarded the car, he had to cross a portion of the township of Canton and the whole of the township of Nankin, also through the village of Wayne, which is situate wholly within the territory of the township of Nankin. Defendant's conductor refused to accept the 10 cents offered, and demanded 15 cents. Plaintiff paid the 5 cents under protest. The agreement or franchise from the township of Nankin, as regards fare, is almost identical with that of the township of Canton. The provisions of the franchise from the village of Wayne are that fare shall not exceed 1½ cents per mile, provided that no passenger shall be carried any distance for less than 5 cents. On arriving at Inkster, plaintiff tendered defendant's conductor a ticket. This ticket is issued pursuant to the franchise granted to defendant by the township of Dearborn, which, so far as relates to this ticket, is as follows:

"It is further provided that said grantee shall charge not to exceed the following rates:   *   *   *   From any point in said township west of St. Joseph's Retreat to Woodward avenue, in said city [Detroit],   *   *   *   strip of five such tickets for sixty-five cents, good either way."

Defendant's conductor refused to accept this, because plaintiff was a through passenger, and did not get on the

car at Inkster. The conductor demanded a cash fare of 20 cents, which plaintiff paid, to prevent being put off the car. This suit was brought to recover the 5 cents which plaintiff claims is an overcharge for his fare to Inkster, and 7 cents, the excess of his cash fare over the ticket from Inkster to Detroit.

The case was tried before the court without a jury. The court found:

1. That the plaintiff was entitled to ride from the point where he boarded said car, in the township of Canton, to the village of Inkster, for the sum of 10 cents, and that the additional sum of 5 cents was wrongfully exacted, and that he was entitled to recover the same.

2. That the ticket tendered at Inkster entitled the plaintiff to ride from Inkster to the city hall in Detroit, and that, therefore, the 20 cents demanded and paid was illegally and wrongfully exacted, and the plaintiff was entitled to recover the difference between 13 cents, which he had paid for his ticket, and the 20 cents exacted, or 7 cents for that part of the route, making 12 cents in all, with his costs of suit, not exceeding $25.

Counsel for defendant asked the court to find:

" 1. That, under the undisputed testimony, the defendant is entitled to charge and collect from a passenger boarding its cars in the township of Canton, with the intention of going to Detroit, the regular fare, 35 cents.

" 2. That the defendant has the right to charge and collect from passengers boarding its cars in the township of Canton to go to Inkster 5 cents for the township of Canton, 5 cents for the township of Nankin, and 5 cents for the village of Wayne.

" 3. That passengers who board defendant's cars in the township of Canton to go to Detroit do not have the right to pay fare to the line between Canton and Nankin, then 5 cents to the line between Nankin and Dearborn, and then offer a 13-cent ticket to Detroit.

" 4. That passengers who board defendant's cars with the intention of going to points beyond the limits of the municipality within which they first take the cars do not have the right to pay local fares fixed by other municipalities through whose limits they may chance to pass.

" 5. That a passenger who boards defendant's cars for

the purpose of a continuous ride to any point is governed during his whole trip by the franchise granted by the municipality within whose limits he boarded the car."

The court refused each of those findings.

It is contended by counsel for defendant that the township of Canton gave the defendant the right to pass through its limits, and, as a local fare within its limits, fixed a maximum of 5 cents; if, however, the passenger wished to go beyond the limits of the township, the defendant had the right to charge not to exceed 2 cents per mile; that the first applied to local, the second to through, passengers. It is also said that, when plaintiff boarded the car in Canton to go to Detroit, he selected the provision of the Canton franchise which was most to his advantage, and attempted to ignore that part which was of advantage to the defendant; that he was on defendant's car under the Canton franchise, and by virtue of that franchise defendant agreed to convey him to Detroit, not first to Nankin, then to Inkster, and then to the city of Detroit; that plaintiff must take the contract as an entirety, or not at all; that, if defendant can charge through rates, plaintiff cannot avail himself of the 13-cent ticket from Inkster to Detroit. It is conceded by counsel that they are unable to find any adjudicated case directly in point.

We cannot agree with counsel in their contention. The Canton franchise fixed the maximum fare at 5 cents. This entitled the plaintiff to the right to be carried through that township for 5 cents, though he may have intended at the time of taking passage to go beyond the limits of the township. This limit of fare in the franchise cannot be held to apply to local passengers alone, but must apply to all who desire passage, even if going beyond the limits of the township. The defendant had no right to make such a discrimination. The plaintiff offered the conductor 10 cents as fare to Inkster, a small unincorporated village in the township of Nankin. The township of Nankin adjoins the township of Canton on the east, and to reach

Inkster the plaintiff had to pass through a part of Canton and a part of Nankin townships. The franchise in Nankin limited the maximum fare to 5 cents, so that, under the franchises of the two townships, the maximum fare was 10 cents. It cannot be said that because, at the time plaintiff entered upon the passage, he was in Canton township, and intended to go to Detroit, the defendant could ignore the limit which the township of Nankin placed upon the rate of fare. Defendant is bound by the franchise in Nankin as well as in Canton, and cannot increase the rate of fare in those townships beyond the limit fixed in each. The defendant did not, in fact, attempt to stand on the Canton franchise. It chose to deal with plaintiff as a passenger from Canton to Inkster, and exacted from him 5 cents under the Canton franchise, 5 cents under the Nankin franchise, and 5 cents under the village of Wayne franchise ( a village situate wholly within the township of Nankin ), or 15 cents in all for the passage to Inkster. The statute under which the defendant was organized provides that:

" Any company organized under the provisions of this act may construct, use, maintain, and own a street railway for the transportation of passengers in and along the streets and highways of any township, upon such terms and conditions as may be agreed upon by the company and the township board of the township; which agreement, and the acceptance by the company of the terms thereof, shall be recorded by the township clerk in the records of the township." Section 13, Act No. 12, Pub. Acts 1893.

Street railways are bound by such agreements, and the defendant could not release itself from its obligation to comply with this agreement in the township of Nankin and other towns through which it passed because the passenger intended to take a through passage to some other place.

The Nankin franchise was granted April 16, 1895. It purported to authorize the defendant to construct and operate its railway along the " Chicago Road," so called,

through the township, and provided that "the rate of fare for any distance on the line of said railway within the said township of Nankin shall not exceed five cents." The village of Wayne forms a part of said township, and for all township purposes the village is represented on the township board by the township officers. Under the terms of the franchise, any person has the right to ride on defendant's cars from any point in the village to the township line in either direction, or from any point in the township to any other point therein, though he might pass through the village of Wayne, for a 5-cent fare. But defendant claims that on December 7, 1897, it obtained a franchise from the village of Wayne which entitles it to charge an extra 5-cent fare within the village limits. The clause in the village franchise under which this right is claimed reads:

"The said grantee corporation, its successors and assigns, shall be entitled to charge at the rate of one and one-half cents per mile, except as hereinafter provided, for the carriage of any single passenger for one continuous trip over said railway on Michigan avenue between any two points on its line between the city of Detroit and the city of Ann Arbor: *Provided, however,* that no passenger shall be carried for a less fare than five cents for any distance."

This is not the grant of a right to charge 5 cents extra for riding through the village of Wayne. The object of this proviso was to enable the defendant to exact 5 cents for any short trip which would otherwise amount to less than that sum at $1\frac{1}{2}$ cents per mile. This is not in conflict with the franchise granted by the township of Nankin.

In reference to the ticket which the plaintiff tendered to the conductor for the trip from Inkster to Detroit, it appears that the franchise agreed to by defendant with the township of Dearborn contained the following:

"Said grantee shall charge not to exceed the following rates, to wit:   *   *   *   From any point in said township west of St. Joseph's Retreat to Woodward avenue, in said city [Detroit], or any intervening point west of Wood-

ward avenue in said city, single cash fares of twenty cents, good either way; two tickets for thirty-five cents, good either way; strip of five such tickets for sixty-five cents, good either way;   *   *   *    and all such tickets shall be kept for sale by said company upon each and every car operated by said company."

The village of Inkster is situated in the town of Nankin, on the line between Nankin and Dearborn. The ticket produced by the plaintiff was one of a strip of five tickets, and had printed on the back thereof the words and figures following:

"DETROIT, YPSILANTI & ANN ARBOR RAILWAY.
"Good for one fare between Inkster and F. & P. M. crossing.                ·              F. A. HINCHMAN, Sec'y."

Also, the following:

"On account of D., Y. & A. A. Ry. Detroit Citizens' Street Ry.
"Good for one fare bet. F. & P. M. crossing and city hall.                          F. A. HINCHMAN, Sec'y."

The Dearborn franchise not only limits the fare to one of these tickets from Inkster to Woodward avenue, but the plaintiff produced the ticket, indorsed by the secretary of the defendant company, which entitled him to the passage. The ticket itself was a contract binding upon defendant to accept it for one fare from Inkster to the city hall, Detroit, as it was unrestricted and unlimited.

No other questions need be discussed. The judgment must be affirmed.

The other Justices concurred.