RICE *v.* DETROIT, YPSILANTI & ANN ARBOR RAILWAY.

122    677
125    621
122    677
s81ᴺᵂ  927
122    677
s81ᴺᵂ  927
e133  ¹541

1. STREET RAILWAYS—FRANCHISES—SALES OF TICKETS.

A franchise to a street-railway company by a village, providing for the sale of tickets on cars of the company, good either way between the village and a specified city, in strips of five at a reduced rate, requires such tickets to be kept for sale on cars at any point on the line, and not solely at points within the limits of the village.

2. SAME.

Where a street-railway company neglected to furnish its conductors with through tickets, good between a village and a city, for sale at a reduced rate, as required by its franchise, but provided, in lieu thereof, coupon tickets in two parts, one good between the village and an intermediate point and the other between that point and the city, it could not defend an action brought by a through passenger who was compelled to pay an increased fare because of his inability to obtain from the conductor at the intermediate point one of the coupon tickets aforesaid, upon the ground that the ticket demanded, and which it was accustomed to sell, was not the kind required by the franchise.

Error to Wayne; Frazer, J.   Submitted November 15, 1899.   Decided February 20, 1900.

*Assumpsit* by Alfred Rice against the Detroit, Ypsilanti & Ann Arbor Railway to recover excess fare paid under protest.   From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Affirmed.

*J. Emmet Sullivan*, for appellant.

*Smith & Curtis*, for appellee.

MONTGOMERY, C. J.   The defendant and appellant in this cause is a street railway that maintains and operates a railway between the cities of Detroit and Ann Arbor, in the township of Springwells, in the village and township of Dearborn, and other places.   The cars of the defendant go over the track of the Detroit Citizens' Street-Railway Company to the city hall, in the city of Detroit.   Defendant has been selling five tickets for 50 cents, each good for a trip between the city hall, in the city of Detroit, and the village of Dearborn.   Each of the five tickets is divided into two parts,—one good from the village of Dearborn to the Flint & Pere Marquette Railroad crossing, and the other good between the Flint & Pere Marquette Railroad crossing and the city hall, in the city of Detroit.   The franchise granted to defendant by the village of Dearborn provided as follows:

"It is further provided that the said grantee shall charge not to exceed the following rates, to wit: From any point in said village of Dearborn to Woodward avenue, in the city of Detroit, or any point west of Woodward avenue, in the city of Detroit, fifteen (15) cents cash fare, good either way, or two tickets for twenty-five (25) cents, good either way; a strip of five (5) tickets shall be sold for fifty (50) cents."

By the terms of the Dearborn franchise, the defendant may charge 5 cents for a ride in said township; and the Springwells franchise permits a charge of 5 cents from the Flint & Pere Marquette Railroad crossing to Dearborn township.

The plaintiff, on the 21st day of July, 1898, in the city of Detroit, boarded a car bound for the village of Dearborn. He gave the conductor a portion of a through ticket, which entitled him to ride to the Flint & Pere Marquette Railroad crossing, in the township of Springwells. Upon arriving at the crossing, the conductor came to take up fare for the trip between the Flint & Pere Marquette Railroad crossing and the village of Dearborn. Plaintiff tendered 50 cents, and demanded a sale to him of a strip of five tickets good between the city hall, or Woodward avenue, in the city of Detroit, and the village of Dearborn,—not specially for the purpose of paying his fare to Dearborn with a portion of the strip, but for the purpose of being carried to and fro between the city hall, in the city of Detroit, and the village of Dearborn. The conductor, not having any of these strips of tickets, demanded that the plaintiff pay 10 cents for the trip between the Flint & Pere Marquette Railroad crossing and the village of Dearborn, which plaintiff paid under protest. He thereafter brought suit against defendant for 5 cents. A judgment in the circuit court, on appeal from the justice, was rendered for the plaintiff for 5 cents and costs, by direction of the court.

The pleadings are not printed in the record, so that we must assume that no point was intended to be made as to the sufficiency of the declaration. We have, then, a case in which defendant is operating under a franchise imposing a duty to sell five tickets for 50 cents, good between the city hall, Detroit, and any point in the village of Dearborn. The franchise further provided, "All such tickets shall be kept for sale upon each and every car operated by it." It is contended that the franchise is in force only within the territorial limits of the village, and does not cover territory in other townships. We do not think this contention can be sustained. The franchise is in the nature of a contract, and imposes obligations upon the company which those having occasion to ride from Dearborn to Detroit have a right to enforce. It is

urged that the case of *Kissane* v. *Detroit, Ypsilanti & Ann Arbor Railway*, 121 Mich. 175, is authority for defendant's contention. No such doctrine is announced in that case. It was held, it is true, that the plaintiff was not compelled to rely on the restrictions contained in the franchise granted by the municipality in which he boarded the car, but that he might, under such franchise, pay his fare to a point in another municipality, and there avail himself of the terms of a franchise granted by the latter. The plaintiff's right under this franchise is not different than it would have been had the franchise in Springwells been silent on the subject of fares. The defendant saw fit to contract with the village of Dearborn for a rate outside the limits of the village, and to agree that tickets should be sold on its cars. This contract it cannot repudiate.

But it is urged that no damage was shown, for the reason that the tickets which the defendant was accustomed to sell (consisting, as they did, of two parts) were not the kind of tickets required by the franchise, and that the company was not required to accept the strip from the Flint & Pere Marquette crossing to Dearborn, but was only required to furnish a through ticket. It might be a sufficient answer to say that a failure to sell the tickets to plaintiff when demanded entitled him to nominal damages, at least, and that no more than nominal damages were recovered; but a further answer is that defendant has placed its own construction on the requirements, and has provided tickets in form to suit itself. The plaintiff was entitled, by means of such tickets, to a ride from the city hall to Dearborn for 10 cents. He sought to obtain it by means of the only ticket kept by the defendant for sale. One part of such a ticket had been given up, and, if he had been able to obtain the tickets requested, the remaining portion of the ride could have been paid for with the other coupon.

The judgment is affirmed.

The other Justices concurred.