COY *v.* DETROIT, YPSILANTI & ANN ARBOR RAILWAY.[1]

1. STREET RAILWAYS — FARES — TOWNSHIP AND VILLAGE FRANCHISES.

Where the councils and township boards of several cities, villages, and townships, under whose ordinances and resolutions an electric railway runs, fix a rate for travel thereon through each city, village, and township respectively, a through passenger is entitled to ride through a township and the villages therein at the township rate, since a village is under the jurisdiction of the township board as to all but village affairs.

2. SAME—TOWNSHIP AND CITY FRANCHISES.

Whether such passenger would be entitled to ride through a township and a *city* therein at the township rate,—*quære.*

3. SAME—EFFECT OF FRANCHISE.

Granting that a village has the power to provide, by its franchise to an electric-railway company, that the company may not charge to exceed a specified rate per mile for the carriage of passengers between any two points on its line outside the village, the benefits of the provision accrue to the general public, any member of which, though not a resident of such village, is entitled to be carried at such rate.

4. SAME—RULE AS TO PROCURING TICKETS.

The right of a passenger on a suburban electric railway to be carried at the rate of fare prescribed in the company's franchise cannot be made dependent upon compliance with a rule of the company requiring the purchase of tickets at regular stations.

[1] Rehearing denied June 7, 1901.

Error to Wayne; Donovan, J.    Submitted December 6, 1900.    Decided January 29, 1901.

*Assumpsit* by Erastus P. Coy against the Detroit, · Ypsilanti & Ann Arbor Railway to recover excess fare paid under protest.    From a judgment for plaintiff, defendant brings error.    Affirmed.

*Hamilton Baluss* (*T. T. Leete, Jr.*, of counsel), for appellant.

*J. Emmet Sullivan* and *Edward M. Vining*, for appellee.

HOOKER, J.    The defendant is a suburban electric line, whose road has been built and is run under and by virtue of ordinances and resolutions adopted by the respective councils and township boards of the several cities, villages, and townships through which the road has been constructed.    These ordinances and resolutions are not uniform.    The city of Ypsilanti fixed the rate of fare at 5 cents within the city limits.    In the township of Ypsilanti the power to regulate fares is reserved to the township, with a minimum of 10 cents within the township limits. Van Buren township required that the rate for any distance within the township should not exceed 5 cents, and outside of that township the rate should not exceed 2 cents a mile.    In Canton township the rate within the township of Canton for any distance should not exceed 5 cents, and for any distance outside the township it should not exceed 2 cents a mile.    In Nankin township the rate for any distance in the township should not exceed 5 cents, and for any distance outside the township it should not exceed 2 cents a mile.    The ordinance of the village of Wayne provided that defendant should be entitled to charge at the rate of 1½ cents per mile (except as thereinafter provided) for the carriage of any single passenger for a continuous trip between any two points on its line between the cities of Detroit & Ann Arbor.    It provided further that no fare for any distance should be less than 5 cents.

The plaintiff is a resident of the village of Wayne, and went from there to the city of Ypsilanti, a distance of 13 miles, upon defendant's car. He rode upon a ticket purchased at defendant's office in Wayne, for which he paid 20 cents. He knew that he might have bought a return ticket either at Wayne or Ypsilanti for the same price, but did not. On his return he took the car at Ypsilanti city, but some little distance from the station. Upon announcing his destination to be Wayne, the conductor demanded 30 cents for fare, which plaintiff paid under protest, and subsequently brought this action in *assumpsit* to recover the excess of 10 cents. The justice rendered a judgment for 5 cents damages and costs in favor of the plaintiff, and this was affirmed at circuit upon *certiorari*. The case is before us upon writ of error.

The errors relied upon are stated as follows:

"*First*. That the justice erred in receiving in evidence the franchise of the village of Wayne for the purpose of fixing the rate of fare to be charged for the carriage of a passenger from the city of Ypsilanti, in the county of Washtenaw, and the village of Wayne, in the county of Wayne, or for any other purpose.

"*Second*. Because a passenger boarding a car at Ypsilanti cannot avail himself of a lower rate of fare provided in the franchise of the village of Wayne until he has reached Wayne.

"*Third*. Because the several franchises under which the road is operated between the city of Ypsilanti and the village of Wayne authorize the charge made in this case; and the fact that the plaintiff was a resident of the village of Wayne can make no difference.

"*Fourth*. Because it was the duty of the plaintiff to purchase a ticket at the office of the company, either at Wayne or Ypsilanti, where he says he knew tickets were sold for 20 cents, because he had bought them.

"*Fifth*. Because the judgment should have been for the defendant."

The accompanying plat shows the course of defendant's road.

The defendant's counsel take the position that, under a rule of the company, persons not purchasing tickets

(which can be procured at regular stations only) are
charged the sum of the local fares of the cities, villages,
and townships through which they are carried. In the
case of *Kissane* v. *Detroit, Ypsilanti & Ann Arbor
Railway,* 121 Mich. 175 (79 N. W. 1104), some of these
questions were involved. In that case the plaintiff took
the car in the township of Canton, with the intention of
going to Detroit. He paid, under protest, 15 cents as fare
to Inkster, claiming that he was entitled to go for 10
cents. Upon arriving at Inkster he tendered a ticket good
for a ride from Inkster to Detroit, issued by defendant
under a requirement of the township of Dearborn, costing

13 cents each in lots of five. This was refused by the con-
ductor, who exacted 20 cents. The court held that the
plaintiff was under no obligation to pay more than local
rates because a through passenger; that Wayne, being a
village under the jurisdiction of the township board as to
all but village affairs, did not, by its ordinance, take its
territory out from the provision of the township resolution
as to fares, and that the plaintiff had a right to ride
entirely through the township of Nankin for 5 cents, and
through Canton for 5 cents; hence his tender of 10 cents
to Inkster was sufficient.

It will be observed that the case settles the proposition
that a passenger riding through two townships may ride

upon local fares, and may not be required to pay a larger
sum, computed upon local rates of 5 cents each in the
township and village; also, a through passenger might
take advantage of local reductions by purchasing tickets
in blocks.   It may be said that it does not pass upon the
question whether the company might have charged $1\frac{1}{2}$
cents a mile for the entire distance.   It is true that we
cannot say that the distance traveled in that instance
would have amounted to more than 10 cents at $1\frac{1}{2}$ cents a
mile, but nothing was said about that rate.   The claim
was made, however, that the defendant had authority to
charge 2 cents a mile to through passengers.   This was
emphatically negatived by the holding upon both branches
of the case, which clearly establishes the proposition that
a through passenger, so called, may ride through each
township for 5 cents, or upon tickets sold at a lower price,
regardless of a general mileage rate.   Applying this
doctrine to the present case, the plaintiff was entitled to
ride through the township of Ypsilanti for 10 cents, and
through Van Buren, Canton, and Nankin (including the
village of Wayne) for 5 cents each.   To this should,
perhaps, be added 5 cents for his ride through the city of
Ypsilanti, for, being a city, it may be contended that it is
not affected by the action of the township of Ypsilanti.
This would make a total local rate of 30 cents; just the
amount charged.

There is another question in the case.   It is contended
that the provision of the village of Wayne, which was
apparently the only one to limit outside travel to $1\frac{1}{2}$ cents
a mile, has the effect to preclude a charge of over that
rate upon any portion of its line, except as modified by
the authority to charge 5 cents for any ride, no matter how
short.   We have seen that the defendant charges but 20
cents for tickets to cover this distance, but it claims the
right to charge local rates where tickets are not bought,
and also that only the inhabitants of Wayne are entitled to
such fares.   It is urged that a conductor has no means of
knowing whether a passenger lives in Wayne, and is,

therefore, entitled to such a rate, unless he has a ticket. If the village of Wayne had authority to make a contract with the defendant (which does not seem to be questioned, and which, for the purposes of this case, we take to be conceded), we know of no reason why it might not contract for a cent and a half rate the entire length of its line, and, if it did so, any member of the public might claim the benefit of that rate. See *Rice* v. *Detroit, Ypsilanti & Ann Arbor Railway*, 122 Mich. 677 (81 N. W. 927, 48 L. R. A. 84).

We think the plaintiff was entitled to recover, and the judgment is affirmed.

The other Justices concurred.