VINING *v.* DETROIT, YPSILANTI, ANN ARBOR & JACKSON RAILWAY.

STREET RAILWAYS—FRANCHISE—RATE OF FARE.

> A street-railway company, operating its road through a village under a franchise therefrom prescribing the rate of fare per mile for travel over any portion of its line, is bound by such rate, as to passengers to or from such village, irrespective of the conflicting provisions of franchises granted by other municipalities.

Error to Wayne; Carpenter, J. Submitted June 2, 1903. (Docket No. 3.) Decided June 23, 1903.

Case by Edward M. Vining against the Detroit, Ypsilanti, Ann Arbor & Jackson Railway for an unlawful ejection from defendant's car. From a judgment for plaintiff, defendant brings error. Affirmed.

*Corliss, Andrus, Leete & Joslyn* (*Ray B. Morgan*, of counsel), for appellant.

*Thomas Kissane*, for appellee.

MONTGOMERY, J. This suit was commenced in the justice court to recover damages for an alleged unlawful ejection from defendant's car. Plaintiff had judgment, and an appeal was taken to the circuit court, where a verdict was rendered by a jury for the sum of $75, and, upon a motion being made by defendant to set aside such verdict as unwarranted by the evidence, judgment was entered for the sum of $40.

Defendant is a street-railway company operating cars between the cities of Detroit and Jackson, through numerous townships, villages, and cities, among others the village of Wayne, situated in the township of Nankin. On the day in question, the plaintiff, a lawyer residing in Wayne, boarded a west-bound car, and tendered six cents as his fare to a point in Canton township called Artley's Corners, about $3\frac{1}{2}$ miles west of Wayne. In order to ride this distance, plaintiff must pass through parts of the village of Wayne and of the townships of Nankin and Canton. The conductor demanded ten cents as fare,—five cents as fare through Nankin and five cents as fare through Canton. Plaintiff refused to pay more than six cents, and the conductor returned one cent, and retained five as fare to the Nankin-Canton town line, where plaintiff was ejected from the car.

The only question for consideration here is the amount of fare to which defendant was entitled. The controversy

arises over the apparently conflicting provisions relative to
fare in the franchises of the townships and villages.    Plain-
tiff claimed the right to ride through portions of the town-
ships of Nankin and Canton upon the payment of fare at
the rate of 1½ cents per mile by virtue of the franchise of
the village of Wayne, which provides that the company
" shall be entitled to charge at the rate of one and one-half
cents per mile    *    *    *    between any two points on its
line between the city of Detroit and the city of Ann Arbor."
On the other hand, defendant claimed the right to charge
five cents for the ride in Nankin township, and five cents
for the ride in Canton township, basing its claim upon the
provisions of the franchises of these townships, which are
identical as far as they relate to fare.    The Nankin fran-
chise provides that " the rate of fare for any distance on
the line of said railway within the said township of Nan-
kin shall not exceed five cents, and the rate of fare for any
distance on the line of said railway outside of the said
township of Nankin shall not exceed two cents per mile."

It is contended by defendant that to permit the plaintiff
to rely upon the franchise of the village of Wayne is to
give to that franchise extraterritorial effect, and that this
cannot be done, and that such construction ought not to be
given as to extend the force of the ordinance or franchise
beyond the limits of the village.    It would seem that we
have been unsuccessful in the effort to express ourselves
with sufficient clearness in the various judgments rendered
against this defendant, although the language employed
in our decisions has not been obscure.    In the case of
*Rice* v. *Detroit, Ypsilanti & Ann Arbor Ry.*, 122 Mich.
677 (81 N. W. 927, 48 L. R. A. 84), we had under con-
sideration a franchise granted by the village of Dearborn,
which provided the rates of fare which the defendant com-
pany might charge from any point in the village of Dear-
born to Woodward avenue in the city of Detroit, and pro-
viding that tickets should be kept for sale upon each car
operated by the company.    We said in that case:

" The franchise is in the nature of a contract, and

imposes obligations upon the company which those having occasion to ride from Dearborn to Detroit have a right to enforce."

It was further said in that case:

"The plaintiff's right under this franchise is not different than it would have been had the franchise in Springwells been silent on the subject of fares. The defendant saw fit to contract with the village of Dearborn for a rate outside the limits of the village, and to agree that tickets should be sold on its cars. This contract it cannot repudiate."

Applying that language to the present case, it would seem to decide the case for the plaintiff. To the same effect was the holding in *Coy* v. *Detroit, Ypsilanti & Ann Arbor Ry.*, 125 Mich. 616 (85 N. W. 6). That the defendant has obligated itself to accept, as compensation from any passenger to or from the village of Wayne to or from any point on its road, the rate of $1\frac{1}{2}$ cents per mile, is too clear for argument, and, moreover, has been ruled by the foregoing cases.

Judgment is affirmed, with costs.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. CARPENTER, J., did not sit.